***********
Based upon the competent and credible evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. On August 19, 2010, Plaintiff initiated this civil action by filing his Tort Claims Act Affidavit with the North Carolina Industrial Commission.
2. Plaintiff's Affidavit alleges that employees or agents of the North Carolina Department of Corrections (hereinafter "NCDOC") committed acts of negligence by a named correctional officer reviewing Plaintiff's medical records and indicating to other inmates that Plaintiff was spreading a sexually transmitted disease.
3. On September 14, 2010, Defendant filed a Motion to Dismiss and Motion for Stay of Discovery. *Page 2 
4. Defendant moved to dismiss the action on the grounds that injuries intentionally inflicted by an employee of the State are not compensable under the Tort Claims Act. Braswell v. N.C.A T State Univ. 5 N.C. App. 1, 168 S.E.2d 24 (1969). Defendant further moved to dismiss the action on the grounds that Plaintiff has failed to state a claim upon which relief may be granted in that the allegations, even if taken as true, are not sufficient to establish negligence on the part of Defendant. Defendant further moved to dismiss the action on the grounds that Plaintiff's claim is frivolous.
5. Pursuant to Defendant's Motion to Dismiss, the above captioned tort claim was set for a pretrial videoconference hearing on Wednesday, December 8, 2010.
6. Defendant made an oral amendment to the Motion to Dismiss at the pretrial videoconference hearing. Defendant moved to dismiss the action on the grounds that Plaintiff has asserted a violation of his constitutional rights rather than a claim for negligence under the Tort Claims Act.
7. Plaintiff appeared at the facility and spoke with the Special Deputy Commissioner on the record. Plaintiff indicated that a NCDOC correctional officer revealed the contents of his medical records and that the actions of the named NCDOC correctional officer were wrong. Plaintiff further stated that he is merely continuing to try to seek justice from the inappropriate behavior of the named NCDOC correctional officer's actions.
8. The Special Deputy Commissioner asked Plaintiff to clarify the difference between the above captioned tort claim, TA-21947, and a previous tort claim, TA-21692 that Plaintiff filed. Plaintiff indicated to the undersigned that the claims were the same. Plaintiff's claim TA-21692 was previously dismissed on June 25, 2010, and Plaintiff has appealed the decision to the Full Commission of the North Carolina Industrial Commission. *Page 3 
9. Defendant made an additional oral amendment to the Motion to Dismiss at the pretrial videoconference hearing. Defendant moved to dismiss the action on the grounds that Plaintiff's above captioned tort claim was barred by res judicata, based upon the prior dismissal of TA-21692.
10. The Full Commission finds, taking all alleged facts in the light most favorable to Plaintiff, that a portion of Plaintiff's allegations are, in fact, allegations of intentionally tortuous acts on the part of the NCDOC employee.
11. The Full Commission finds, taking all alleged facts in the light most favorable to Plaintiff, that a portion of Plaintiff's allegations are, in fact, allegations of a constitutional nature.
12. The Full Commission further finds, taking all alleged facts in the light most favorable to Plaintiff, that Plaintiff has failed to assert a potential claim for negligence.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) (2007) confers upon the North Carolina Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties."Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prevail in a claim filed pursuant to this Act, a plaintiff must allege and prove "that there was negligence on the part of an officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority *Page 4 
that was the proximate cause of the injury and that there was no contributory negligence" on the part of the plaintiff. N.C. Gen. Stat. § 143-291(a) (2007).
3. A defendant's motion to dismiss tests the legal sufficiency of a plaintiff's complaint by presenting the question whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under the Tort Claims Act. See Isenhour v. Hutto,350 N.C. 601, 604, 517 S.E.2d 121, 124 (1999).
4. "A complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which would be proved in support of the claim." Newton v. Standard Fire Ins. Co.,291 N.C. 105, 111, 229 S.E.2d 297, 300 (1976) (citations and internal quotation marks omitted).
5. Taking all alleged facts in the light most favorable to Plaintiff, as the non-moving party, the undersigned has determined that Plaintiff's cause of action is based upon intentionally tortious conduct and not negligence. The North Carolina Industrial Commission does not have jurisdiction to hear Plaintiff's claim.See Wojsko v. State,47 N.C. App. 605, 610, 267 S.E.2d 708, 711 (1980). As such, Plaintiff is not entitled to recover under the Tort Claims Act, and the above captioned tort claim is subject to dismissal with prejudice.
7. Taking all alleged facts in the light most favorable to Plaintiff, as the non-moving party, the undersigned has determined that Plaintiff's cause of action is based upon alleged violation of constitutional rights and not negligence. The North Carolina Industrial Commission does not have jurisdiction to hear Plaintiff's claim alleging a violation of his constitutional rights. SeeMedley v. N.C. Dep't of Correction,330 N.C. 837, 843, 412 S.E.2d 654, 658-59 (1992) (distinguishing between claims of a constitutional nature and claims for negligence). As *Page 5 
such, Plaintiff is not entitled to recover under the Tort Claims Act, and the above captioned tort claim is subject to dismissal with prejudice.
8. Taking all alleged facts in the light most favorable to Plaintiff, as the non-moving party, the undersigned has determined that Plaintiff has failed to sufficiently state a claim for negligence upon which relief may be granted. As such, Plaintiff is not entitled to recover under the Tort Claims Act, and the above captioned tort claim is subject to dismissal with prejudice.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Defendant's Motion to Dismiss is GRANTED and Plaintiff's above captioned tort claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the __ day of August, 2011.
 S/___________________ TAMMY NANCE COMMISSIONER
CONCURRING:
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER *Page 6 
 S/_____________ LINDA CHEATHAM COMMISSIONER *Page 1